UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS LONGEE,<br><br>             Plaintiff,<br><br>   v.<br><br>LINDA SVANCARA,<br><br>             Defendant. | Case No. 1:16-cv-00529-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Linda Svancara's Motion for Summary Judgment. Dkt. 20. Plaintiff Nicholas Longee has also filed a Motion to Compel (Dkt. 23) and a Motion for Hearing (Dkt. 22) regarding the Motion to Compel.

The Motions are fully briefed and ripe for the Court's review. Having fully reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the Motions without oral argument. For the reasons set forth below, the Court DENIES Longee's Motion to Compel and Motion for Hearing and GRANTS Svancara's Motion for Summary Judgment.

## II. BACKGROUND

Plaintiff Nicholas Longee is an inmate incarcerated by the Idaho Department of

Corrections ("IDOC") at the Idaho State Correctional Center ("ISCC"). Relevant to this

case is the fact that Longee has a prescription for paroxetine—brand name "Paxil"—to

treat his anxiety. Longee takes Paxil once a day.

Svancara is a Licensed Practical Nurse ("LPN") employed by Corizon Health, Inc.

("Corizon"). Corizon is a private corporation under contract to provide medical and

mental health care to inmates at IDOC facilities. One of Svancara's responsibilities is to

administer "pill calls." Pill calls are predetermined times at which medications are

administered to inmates in particular cell blocks. The purpose of pill calls is to ensure the

orderly and secure administration of all medications. Inmates are aware of when pill calls

occur and must be present in order to receive their medication(s). The "bedtime" pill call,

which corresponds with the evening meal at approximately four or five o'clock in the

evening, is the last pill call of the day.

On December 7, 2016,[1] correctional officers announced bedtime pill call. Longee

did not appear and consequently did not receive his Paxil medication. Later than evening,

---

[1] Longee's Complaint references December 5, 2016, as the date of the incident, however, the
record indicates that he did receive his medication on that date, but not on December 7, 2016.
The parties seem to agree that this is the actual date giving rise to this action. Also in his
Complaint, Longee references October 16, 2016, as another day he did not receive his
medication. Plaintiff acknowledges that Svancara was not working that day, but postures that the
Court should have this information, as it is indicative of Defendants' behavior. Svancara is the

Longee arrived at the prison medical clinic requesting his medication.[2] According to Longee's Complaint, unidentified medical staff at the clinic told him that Svancara said he was "burnt" and that he would not receive his medication that day. This is the basis for Longee's claim against Svancara.

From a procedural standpoint, the Court notes that Longee's original Complaint included numerous other claims against multiple other defendants. In its initial review order, the Court dismissed all defendants except Svancara. Dkt. 11. At that time, the Court also dismissed all of Longee's claims except for a First Amendment Retaliation Claim against Svancara. *Id.* Svancara now moves for summary judgment on this sole remaining claim.

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In

---

only remaining defendant in this case; therefore, the Court will only look at evidence related to her conduct and the December 7, 2016, events.

[2] Both parties spend a great deal of time discussing whether Longee had authorization to leave his cell block and go to the medical clinic, but this is of little consequence to the Court. Weather he had permission or not, the fact is that the record before this Court cannot support a First Amendment Retaliation Claim. Therefore, the Court will not discuss ancillary factual disputes that do not bear directly upon the outcome of the case.

considering a motion for summary judgment, this Court must "view[] the facts in the non-moving party's favor." *Id.*

To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, this Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV. ANALYSIS

As a threshold matter, the Court will briefly address Longee's Motion to Compel and Motion for Hearing regarding the same.

In his Motion to Compel, Longee seeks an order from the Court "compelling defendant Linda Svancara, to produce for inspection and copying the following documents: 1. Any and all rules, regulations, and policies of the Idaho Department of Corrections/Corizon about treatment of prisoners with mental health." Dkt. 23, at 1-2.

The Court never reaches the merits of this request as it fails for numerous procedural reasons. First, the motion is untimely. Discovery in this case closed on

November 4, 2017, and the dispositive motion deadline was December 4, 2017. Longee filed this Motion to Compel on January 5, 2018, after all deadlines had passed.

Second, this request is unreasonable and irrelevant. By way of background, Longee made an identical request in his First Request for Production of Documents served upon Svancara on September 18, 2017. On October 24, 2017, Svancara responded stating that the request was overbroad and vague, but more importantly, irrelevant. The Court agrees with Svancara on this point in particular. Longee's request pursues information from parties who are not in the suit[3] and he seeks this particular information in support of claims that are no longer at issue.[4] For these reasons, the Court DENIES Longee's Motion to Compel as well as his request for a hearing on the same.

The Court next moves to the substance of Svancara's Motion for Summary Judgment.

A retaliation claim under the First Amendment requires a plaintiff to plead and establish "(1) that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

---

[3] The Idaho Department of Corrections was never a defendant in this suit and the Court terminated Corizon as a defendant in its initial review order. Dkt. 11.

[4] Longee's remaining claim against Svancara asserts that she retaliated against him in violation of his First Amendment rights, not that she acted in accordance with any policy or rule promulgated by IDOC or Corizon; i.e, his claim is against her personally.

legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnotes omitted).

Taking the elements briefly in order, the Court notes that Longee's retaliation claim fails because he has not identified any information that, even construed liberally by the Court, would meet the above requirements. First, the whole premise of this lawsuit rests upon the allegation that Svancara said the reason Longee was denied his medication on the night in question was that he was "burnt." Not only is the record silent concerning what Svancara meant by "burnt," but someone other than Svancara relayed this comment to Longee—in other words, the phrase is double hearsay.[5] The Court questions the accuracy of this statement and its meaning. Even assuming arguendo that Svancara said something of this nature, presumably all she meant was that because Longee failed to appear at pill call as required, he missed his opportunity for the day. Additionally, even construed broadly as "adverse action," there is no indication that this statement had anything to do with some sort of protected conduct or Longee's First Amendment rights.

Svancara opines in her briefing that the only tenuous First Amendment connection Longee could conceivable assert is the First Amendment right to the "freedom to petition the government for redress of grievances." Svancara makes this supposition on the fact that Longee includes in his Complaint a reference to a grievance he filed in October 2016, addressing an alleged failure to receive his medication at that time. That grievance,

---

[5] In fact, Svancara denies ever saying this or directing anyone else to inform Longee of this. Dkt. 20-3, at 5.

however, lists another nurse—not Svancara—as the party at fault, and as already stated, Svancara was not even working the night of the alleged October incident. Even assuming that this event had something to do with Svancara, and likewise assuming that Longee was using this to bolster his First Amendment claim, there is nothing in the record that would suggest Svancara's actions on December 7, 2016, had anything to do with the prior grievance Longee filed as opposed to Longee's own failure to attend pill call.

Finally, the "action" in this case (of not allowing Longee to receive his medication outside of pill call) advanced a legitimate correctional goal—security and the safe distribution of medications.

In sum, Longee has not established that Svancara took adverse action against him, that he engaged in protected conduct, that Svancara's actions chilled Longee's exercise of his First Amendment rights, or that Svancara's actions were not taken in furtherance of a legitimate correctional goal. Longee failed to appear at pill call, a natural consequence of which was not receiving his medication. His failure to obtain his prescription afterwards from the medical clinic—and any alleged reason for his not receiving it—does not constitute a First Amendment retaliation claim.

///

///

///

///

///

///

///

## V. ORDER

1. Svancara's Motion for Summary Judgment (Dkt. 20) is GRANTED.

2. Longee's Motion to Compel (Dkt. 23) is DENIED.

3. Longee's Motion for Hearing (Dkt. 22) regarding the Motion to Compel is DENIED.

4. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: June 19, 2018

David C. Nye
U.S. District Court Judge